UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAMAL CURTIS,

                Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/2020

No. 18-cr-373-12 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Defendant Ramal Curtis moves for bail pending sentencing in light of the ongoing COVID-19 pandemic. (Doc. No. 662 ("Curtis Ltr.").) The government opposes that motion. (Doc. No. 667 ("Gov't Ltr.").) For the reasons set forth below, Curtis's motion is DENIED.

    On June 5, 2019, Curtis pled guilty, without the benefit of a plea agreement, to conspiring to distribute 280 grams or more of cocaine base and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), and 846. (Doc. No. 348; Doc. No. 344-3.) As a result of his guilty plea, Curtis now faces a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life. *See* 21 U.S.C. § 841(b)(1)(A). The Probation Office has concluded that Curtis's Guidelines range is 168 to 210 months' imprisonment. (Presentence Investigation Report ¶ 111 ("PSR").) Curtis is currently housed in the Metropolitan Detention Center in Brooklyn. (Curtis Ltr. at 1.)

    On April 13, 2020, Curtis requested bail pending sentencing under 18 U.S.C. § 3145(c). (Curtis Ltr. at 1–2.) The government opposes Curtis's motion, arguing that he is both a flight risk and a danger to the community, and that the current pandemic does not warrant such extraordinary relief. (Gov't Ltr. at 3–9.)

Under 18 U.S.C. § 3145(c), Curtis may be released on bail pending sentencing only if it is shown by clear and convincing evidence that he is neither a flight risk nor a danger to the community, and "that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). Because Curtis has not come close to meeting the first two prongs, the Court need not even address his arguments concerning COVID-19.

First, the Court concludes that Curtis would pose a flight risk if released. Curtis has a significant motive to flee. He is facing a minimum sentence of 10 years, a Guidelines range of 168 to 210 months' imprisonment, and the certainty of lengthy incarceration given that he has already pleaded guilty to a serious felony. *See United States v. Blanco*, 570 F. App'x 76, 77 (2d Cir. 2014). Compounding that risk is Curtis's history of flouting court orders, having previously committed crimes while on probation and parole (PSR ¶¶ 60, 63). *See United States v. Brennerman*, 705 F. App'x 13, 14 (2d Cir. 2017) (noting that a history of "disregard[ing] court orders" suggests that a defendant poses a flight risk).

Second, the Court also believes that Curtis presents a danger to the community. Curtis has a substantial criminal history involving multiple instances of violence. For example, in 2005, Curtis was convicted for his involvement in a robbery. (PSR ¶ 60.) Just two years later, he was arrested for brandishing a firearm during another robbery, resulting in his conviction for criminal possession of a weapon. (*Id.* ¶ 61.) Then, in 2010, he was arrested (and convicted) yet again for another robbery, during which the victim's hands were bound and Curtis threatened to shoot the victim. (*Id.* ¶ 63.) And while on parole following that offense, Curtis was convicted of another charge of criminal possession of a weapon. (*Id.* ¶¶ 63, 64.) Beyond merely demonstrating his willingness to commit violent crimes, Curtis's habitual criminal conduct indicates that he is not

deterred by punishment. This suggests that there is a risk that Curtis will resume his criminal activity if he were to be released. *See United States v. English*, 629 F.3d 311, 322 (2d Cir. 2011) (acknowledging that bail was properly denied where "electronic monitoring did not eliminate the danger that [the defendant] would 'engage in further sale of narcotics' by telephone with a willing collaborator").

Accordingly, IT IS HEREBY ORDERED THAT Curtis's motion for bail pending sentencing is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at document number 662.

SO ORDERED.

Dated:   April 21, 2020
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation